EZEKIEL AUSTIN, *scire-facias*, *vs.* WILLIAM GOODALE.

*Scire-facias against trustee.*

The return of "unsatisfied" made before the return-day upon an execution against the principal defendant, will not authorize the issuing of a writ of *scire-facias* after the return-day against the person adjudged trustee.

ON EXCEPTIONS.

*Scire-facias*, dated Feb. 19, 1869, against the defendant, as trustee of one Staples, brought under R. S., c. 86, § 67.

The declaration alleged, *inter alia*, that the original judgment was recovered Oct. 9, 1868, execution issued Oct. 10, 1868, against Staples as principal, and the defendant as trustee; that an officer, having the execution, made a demand on the trustee, Nov. 6, 1868, for the goods, effects, and credits of the principal in his hands, to be taken on the execution, but the trustee refused to deliver them; that on Jan. 5, 1869, the officer returned that he had made diligent search for the goods, chattels, rights, and credits whereon to levy the execution, and could not find any in his precinct.

To this declaration the defendant filed a general demurrer, which was joined.

The presiding judge overruled the demurrer, and adjudged the declaration good; whereupon the defendant alleged exceptions.

*G. C. Yeaton*, for the plaintiff.

I. *Scire-facias* against a trustee differs from *scire-facias* against bail, in this: the former is simply a sequel to the original action to perfect the plaintiff's remedy; the latter is a new and distinct action. *Adams* v. *Rowe*, 11 Maine, 95. *Scire-facias* against bail is founded upon a contract between the plaintiff and defendant; in *scire-facias* against a trustee there is no privity of contract whatever between the parties. In the one, the relation with all the rights arising therefrom is voluntary, self-imposed; in the other, involuntary. Bail are sureties; their contract is conditional. The law cannot

enforce such contract without requiring a strict and full performance of all its conditions, the principal one of which is to respond only in the event of the avoidance of the principal, after every reasonable effort of the plaintiff to collect of him, and until this be shown, the plaintiff has no claim on the surety. The statute alone, without consulting the trustee, or giving him any voice in fixing the conditions, imposes certain duties upon him. The law makes him a mere "stakeholder," and he, in the absence of any statute provision to that effect, cannot require the plaintiff to use any diligence in collecting of the principal defendant. The only real defense he can have to *scire-facias* is *nul tiel record*, or satisfaction of the judgment. *Davidson* v. *Thornton*, 7 Barr, 128. And the satisfaction must be actual. No want of diligence to obtain it from the principal defendant is equivalent, or can avail a defendant in *scire-facias*, if the plaintiff has complied with the statute by demanding of him within thirty days after judgment in the original action.

The only prerequisites to the maintenance of *scire-facias* against a trustee is judgment, execution, demand, refusal; and " he cannot avail himself of that which was not and could not be the reason of his omission to surrender the property in bar of this action." *Franklin Bank* v. *Bachelder*, 23 Maine, 66.

This distinction is recognized in *Adams* v. *Cummiskey*, 4 Cush. 420, where the court say, " We cannot distinguish this case in principle from that of a writ of *scire-facias* against bail," which is a simple antithesis for " we do distinguish *scire-facias* against a trustee generally from that against bail." In that case the execution, dated June 8, was returned unsatisfied June 20 ; *scire-facias* issued June 22. The Massachusetts statute (differing in this particular from ours), allowed *scire-facias* only where " the execution is not otherwise satisfied." It could not be known, therefore, whether or not the execution would be " otherwise satisfied until its return-day ; " for " it may be otherwise satisfied at any time while it remains in force."

Had *scire-facias* issued after the return-day of the execution, in that case it would have resembled the case at bar, and the reason-

ing there have been applicable here. But when the execution ceased to be in force, it could not be satisfied; and *cessante ratione legis, cessat ipsa lex.*

That case was not "to be distinguished in principle from *scire-facias* against bail," because the statute had in terms given *scire-facias* only upon conditions which his case did not fulfill; and he then stood as to that action which rested solely upon the statute, as a plaintiff to his *scire-facias* against bail, which rests solely upon his own conditional contract, the conditions of which he has not fulfilled.

It is believed that no case can be found wherein it has been held that *scire-facias* against a trustee commenced after the return-day of the execution was prematurely brought.

*Roberts* v. *Knight*, 48 Maine, 171, is no authority in the case at bar; for there the writ was issued before the return-day. In *Whitney* v. *Hammond*, 44 Maine, 319, which was *scire-facias* against a member of a corporation, the writ issued before the return-day. So in *Page* v. *Smith*, 25 Maine, 25, which was *scire-facias* against a trustee, the writ was issued before return-day, the question was discussed in argument, but not adverted to by the court. In *Franklin Bank* v. *Bachelder*, 23 Maine, 66, the writ was issued before the return-day, and the plaintiff prevailed.

II. The nature and purpose of trustee process and *scire-facias*, its sequel, accord with this view.

If *scire-facias* will not lie until all means of realizing from the other estate of the original defendant have been exhausted, then a plea in the trustee suit by the principal defendant or trustee of other sufficient visible property would be a bar; and whether trustee holds funds or not, he must be discharged; for the law would not provide trustee process when the judgment therein could not be made productive by direct enforcement against the trustee.

All of a debtor's property may be attached, and a plaintiff may satisfy his judgment from such as the creditor and not the debtor elects. *Gray* v. *Chase*, 57 Maine, 558. The only restraint the law imposes upon the creditor's absolute choice is in favor of the

debtor's person, which is to be a last resort. All his property not specifically exempted, whether in his or another's possession, is open to attachment, either directly, or indirectly by trustee process. Drake on Attachment, 451; *Wheeler* v. *Bowen*, 20 Pick. 564.

"Trustee process operates as a species of compulsory statute assignment, by which a creditor may obtain that by operation of law which the debtor might voluntarily assign to him in payment of his debts." *Strong* v. *Smith*, 1 Met. 476.

III. R. S., c. 86, § 67, does not contain the clause "if not otherwise satisfied," as did the Massachusetts statute, when *Adams* v. *Cummiskey* was decided. Our statute of 1821, c. 61, § 9, provided, "When the execution is returned unsatisfied, by reason of the trustee not dicovering and exposing sufficient goods," etc., the plaintiff may have *scire-facias*. This statute received judicial construction in *Patterson* v. *Patten*, 15 Mass. 474, where the court says that the legislative intention was that "no trustee shall be held personally liable on execution until he has had opportunity to discharge himself by exposing goods," etc., or paying over the money; and the return was to be "unsatisfied for the reason expressed in the statute." Modern transcripts of this statute are abbreviated in phraseology; still it is manifestly in consonance with the whole theory of the action, as also with the remarks of Tenney, J., in *Franklin Bank* v. *Bachelder*, that "unsatisfied" should bear precisely the same significance.

IV. Statutes in *pari materia*, and particularly every section of the same statute, must be construed together. R. S., c. 86, § 73, provides for the dissolution of the attachment if no demand be made within thirty days. *McAlister* v. *Furlong*, 36 Maine, 307. §§ 44 and 45 require the trustee to deliver specific articles to the officer. When? Of course when demanded. Section 67. "This is done that the property may be converted into money by the officer, . . . or if not delivered, that the foundation for a writ of *scire-facias* may be laid." *Bachelder* v. *Merriam*, 34 Maine, 73. This decision was made under R. S., 1840, c. 60, § 74, which is identical with R. S., 1857, c. 86, § 67. Now the goods so delivered up

Austin *v.* Goodale.

must be sold after being kept at least four days. R. S., c. 84, § 3, and c. 86, § 44. And this within the life of the execution, which is manifestly impossible if the trustee is to take the whole life of the execution, in which to see if it is not otherwise satisfied before he answers the demand of the officer upon him. Section 67 makes no difference in the duty of the trustee, whether he has goods or money in his hands.

*Dane & Bourne,* for the defendant.

KENT, J. It has been decided in this State and in Massachusetts, that *scire-facias* will not lie against a trustee, until "the execution is returned unsatisfied," and that the return intended by the statute is one made on the return-day, and that, until after such return, no suit against the trustee can be instituted, although a demand had been made on him, and he had neglected or refused to pay over or deliver the property. *Roberts* v. *Knights,* 48 Maine, 171; *Adams* v. *Cummiskey,* 4 Cush. 420.

The point made by the plaintiff in this case is a single one, and that is, that, although the return of the execution was made before the day named in it for its return, yet that the three months in which it was in force had expired before this suit was commenced.

An examination of the cases cited, and other cases bearing upon the question, satisfies us that the point is not well taken. The reason why such *scire-facias* could not issue is that the law intends that the creditors shall look primarily to the property in possession of the debtors, and that the trustee shall not be called upon, until it is shown by a return of *nulla bona* that the execution could not be satisfied otherwise during the time it was in force. The statute (R. S., c. 86, § 67) is express, that before *scire-facias* can issue, it must be shown that "the execution is returned unsatisfied." This court, in *Roberts* v. *Knights,* say, "Until this is done, it is uncertain whether it may not be satisfied by the principal defendant. Nor can this uncertainty be removed until the return-day of the execution. It is only when the officer has used the powers con-

ferred by the process, during the whole time given to him, that he can return it unsatisfied within the meaning of the statute."

The same principle is stated in the case of *Adams* v. *Cummiskey*. The court in that case say, "The trustee cannot be held liable to a *scire-facias* before the return-day, because the execution may be 'otherwise satisfied' at any time while it remains in force, although he has refused to pay over to the officer, goods, effects, or credits sufficient to satisfy it."

The fact that the three months had expired before suit, cannot take the case out of the principle of these cases. The objection is that the execution was not in the hands of an officer or party for three months, but was returned while in force, and that the return contemplated by the statute could only be made on or after the return-day. The date of the writ of *scire-facias* is not the material point, but the date of the return. *Exceptions sustained.*

*Demurrer sustained.*

*Judgment for defendant.*

APPLETON, C. J.; WALTON, BARROWS, DANFORTH, and TAP-LEY, JJ., concurred.